UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEST BRANDS CONSUMER PRODUCTS INC., <br><br> Plaintiff, <br><br> v. <br><br> PUBLIC HEALTH AND SAFETY ADVOCATES, LLC, <br><br> Defendant. | Civil Action No. Case No. 22-cv-803 <br><br> (JURY TRIAL DEMANDED) |

**AMENDED COMPLAINT**

Plaintiff Best Brands Consumer Products, Inc. ("BBCP") by their attorneys, hereby complains of Defendant Public Health and Safety Advocates, LLC ("Defendant" or "PHSA") and alleges as follows, upon actual knowledge with respect to itself and its own acts, upon information and belief as to all other matters:

**INTRODUCTION**

1. BBCP brings this action against PHSA for, *inter alia*, intentional interference with BBCP's business. In addition, BBCP seeks a declaratory judgment finding that the BBCP product purchased by PHSA, Star Wars Mandalorian Hand Sanitizer ("the Product") does not violate California's Proposition 65 ("Prop 65" or "Proposition 65"), also called the Safe Drinking Water and Toxic Enforcement Act.

2. On November 9, 2021, Defendant PHSA filed a Prop 65 lawsuit against Best Brands Sales Company, LLC – a distinctly separate company from BBCP – alleging that the Product contains benzene, and that Best Brands Sales Company ("BBSC")

knowingly and intentionally exposed purchasers of the Product to benzene without warning, in violation of Prop 65.

3. BBCP manufactures and imports various products. Plaintiff BBCP has also been accused by PHSA. Plaintiff BBCP is under a reasonable apprehension of imminent apprehension of suit by PHSA over the same baseless allegations that PHSA has leveled against BBSC. *See* Exhibit 2.

4. BBCP sent over forty bottles of BBCP's hand sanitizer, including the Product, to an independent, well-respected laboratory named Certified Laboratories ("the Lab") to be tested for benzene. The Lab tested every one of these samples, which included the regulatory reserve sample(s) for every commercialized lot of hand sanitizer ever sold by BBCP. The lab results show that no benzene was detected in any sample. The analytic chemistry reports are attached as Exhibit 1.

5. BBCP provided every one of these lab reports to PHSA.

6. Also, the sole sample that PHSA claims to have found benzene in was purchased over the internet, from a second-hand seller in Georgia.

7. This is shown by a copy of the sales receipt from the PHSA purchase, which is attached as Exhibit 3. The sales receipt includes a link to the seller (listed as "Splendid Provisions" on the receipt). A copy of the vendor page which comes up when that link is clicked is included as Exhibit 4. That shows that the seller (Splendid Provisions, a/k/a Acacia Provisions on the vendor page) operates out of Powder Springs, Georgia.

8. That Georgia company is an independent company that is unrelated to Plaintiff. It is not affiliated with Plaintiff, and its sales are not authorized by Plaintiff.

9. The second hand seller in Georgia repackages and resells product on the internet. Any such actions were without the knowledge or authority of Plaintiff. They were also not under the purview or quality control of Plaintiffs, even assuming *arguendo* PHSA's allegation that the purchased product was one of Plaintiff's products (which allegation is denied).

10. PHSA did not and cannot allege facts that support the claim that any of the hand sanitizers sold by Plaintiff in California contained any benzene. Because Prop 65 is limited to products sold by Plaintiff in California, a product purchased out of the state cannot form the basis of a Prop 65 claim.

11. Moreover, the lab that PHSA is relying on is itself under investigation by the FDA.

12. Defendant instead prefers to place Plaintiff BBCP under a black cloud of threatened harm over meritless allegations.

13. Accordingly, Plaintiff has been forced to file the present action.

## THE PARTIES

14. At the time of the commencement of the events in question, Plaintiff BBCP was a New York corporation with places of business in Manhattan and Merrick, New York. It is currently a New Jersey corporation having its principal place of business at 2147 State Route 27, Suite 402, Edison, NJ 08817-3365.

15.     Upon information and belief, Defendant PHSA is a corporation organized and existing under the laws of the State of California having a principal place of business at 10429 Eastborne Avenue, Los Angeles, CA 90049.

## JURISDICTION AND VENUE

16.     This is an action arising under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the common law of the state of New York.

17.     This Court has jurisdiction over the federal claims of this action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

18.     This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), because this case is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens or entities of different States.  To that end, BBCP was a New York Corporation at the commencement of the events set forth herein.  It is currently a New Jersey Corporation.  Defendant is, upon information and belief, a California Corporation.

19.     This Court has personal jurisdiction over Defendant, and venue in this district is proper pursuant to 28 U.S.C. §1391(b) and (c).  Defendant sent a knowingly false and defamatory "Notice of Violation" letter dated July 25, 2021 ("the June 25th Notice") to BBCP into this district in New York regarding the allegedly dangerous nature of Plaintiff's products and activities, and threatening suit over baseless allegations (*see* Exhibit 2).  Defendant has also distributed that Notice of Violation to numerous parties inside and/or outside this district.  As such, Defendant has engaged in tortious acts within

4

the state, and/or has committed tortious acts without the state causing injury to persons or properly within the state. Defendant also filed a frivolous and sham lawsuit in California over these allegations BBSC – a citizen and resident of the state of New York. Venue is also proper because Defendant has engaged in acts directed to the State of New York, including in this judicial district; because this district is one in which Plaintiff resided at the time of the events in question; and because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action was situated, in this district at the time of the events in question.

## **FACTS**

20. BBCP is a company that sells consumer products.

21. BBCP has sold the Product for sale to customers in the United States.

22. To date, Defendant has engaged in communications with BBCP in which Defendant has alleged that the Product is sold in violation of Prop 65.

23. This includes the June 25th Notice which is a "60 day notice of intent to sue for violations of the Safe Drinking Water and Toxic Enforcement act of 1986" directed at both BBCP and Best Brands Sales Company, LLC.

24. Defendant has falsely alleged that sales of the Product in California constitute a violation of Prop 65 and has then brought a lawsuit against BBSC for the same.

25. On November 9, 2021 Defendant filed suit against Best Brands Sales Company, LLC in the Superior Court of the State of California, County of Los Angeles

captioned PUBLIC HEALTH AND SAFETY ADVOCATES, LLC., a Limited Liability Company, in the public interest v. BEST BRANDS SALES COMPANY, LLC, et al. (21-ST CV-41274) ("The California Lawsuit").

26. BBCP was not named in the California Lawsuit, but is under a continuous and immediate threat of litigation due to the threats against its affiliate and the Notice of Violation issued to BBCPt.

27. Defendant has yet to provide BBCP with lab results, to the extent there are any, supporting its false allegations that sale of the Product violates Prop 65.

28. Defendant's allegations are knowingly false as to the nature of Plaintiff's actions and products.

29. Defendant's allegations and lawsuit are also meritless in that they do not allege facts that they purchased any authentic Plaintiff product in California that contained any benzene. Because Prop 65 is limited to products sold in California, a product purchased by PHSA from out of the state cannot form the basis of a Prop 65 claim.

30. Moreover, Defendant cannot possibly show that the average user of the hand sanitizer would be exposed to a level of benzene sufficient to require a warning under Prop 65, as it is undisputed, even under PHSA's allegations, that the great majority of bottles of hand sanitizer contain no benzene whatsoever.

31. Defendant's suit is a sham designed to extort money from Plaintiff BBCP.

6

32. Defendant's suit is objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits.

33. Defendant's suit is also subjectively motivated by a desire to impose collateral injury by extorting money from Plaintiff.

34. As a result of Defendant's threats of litigation against BBCP and the actual litigation against BBSC and the circumstances surrounding those threats, an actual, present, and justiciable controversy has arisen between BBCP and Defendant regarding BBCP's sale of the Product.

35. In addition, in view of the objective baselessness and subjective attempt to harm Plaintiff BBCP, Defendant is entitled to no immunity over its filing of its suit in California.

## PLAINTIFF'S NON-VIOLATION OF PROPOSITION 65

36. Defendant alleges that the Product – manufactured, imported, and distributed by BBCP – contains benzene and is sold in violation of California's Proposition 65, also called the Safe Drinking Water and Toxic Enforcement Act.

37. Defendant has not thus far provided BBCP with documentation sufficient to state a claim for violation of Prop 65. Indeed, the documentation provided by Defendant supports two clear and independent defenses.(1) The hand sanitizer Defendant accuses of containing benzene was was sold in Georgia, not California. And, (2)Even under PHSA's allegations of a violation of Prop 65, the great majority of the product does not and did not contain benzene (if any product does at all – which has not been shown

and which BBCP disputes), such that the average user of the product is not exposed to sufficient benzene to require a warning pursuant to Prop 65.

38. BBCP sent over forty bottles of BBCP's hand sanitizer, including the regulatory reserve sample(s) for every lot of BBCP's hand sanitizer ever sold, to the Lab for independent testing for benzene.

39. The Lab test results confirmed that, in fact, no benzene was detected in the Product, or in any other sample tested.

40. BBCP's product has not violated Proposition 65.

41. Defendant has maliciously and frivolously filed suit against BBSC, and threatened to file suit against BBCP to wrongfully extort money from BBCP for no reason and without any lawful basis for these allegations.

### DEFENDANT'S TORTIOUS INTERFERENCE WITH PLAINTIFF'S BUSINESS RELATIONSHIPS

42. BBCP repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint.

43. BBCP sells the Product to numerous retail customers.

44. Defendant's malicious steps were done in an intentional effort to interfere with BBCP's business relationship with its retail customers. To that end, Defendant's actions were also intended to interfere with BBCP's sales of the Product.

45. Upon information and belief, Defendant's interference was done with malice.

46. Defendant's interference was done without lawful justification.

47. Defendant's interference has caused, and continues to cause damage to BBCP, and specifically BBCP's relationship with its retail customers.

### DEFENDANT'S SHAM LITIGATION AND DEFENDANT'S LACK OF IMMUNITY FROM SUIT OVER DEFENDANT'S SHAM SUIT IN CALIFORNIA

48. Defendant has yet to provide BBCP with any proof that support its false allegations that it purchased in California any authorized product of Plaintiff that violates Prop 65.

49. Defendant's allegations are knowingly false as to the nature of Plaintiff's actions and products.

50. Defendant's California Lawsuit is a sham designed to extort money from Plaintiff BBCP.

51. Defendant's California Lawsuit is objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits.

52. Defendant's California Lawsuit is also subjectively motivated by a desire to impose collateral injury by extorting money from Plaintiff BBCP.

53. As a result of Defendant's threats of litigation against BBCP and the actual litigation against BBSC in the California Lawsuit, and the circumstances surrounding those threats, an actual, present, and justiciable controversy has arisen between BBCP and Defendant regarding BBCP's sale of the Product.

54. Likewise, in view of the objective baselessness of the California Lawsuit, and Defendant's subjective attempt to use it to improperly extort money from Plaintiff

9

BBCP, Defendant is entitled to no immunity or litigation privilege over the filing of its California lawsuit.

55. Upon information and belief, Defendant also seeks to improperly use California's Anti-SLAPP law as a shield against its improper conduct, and to advance Defendant's "shakedown" of Plaintiff. But no such shield is available here in federal court. *See, e.g., La Liberte v. Reid*, 966 F.3d 79, 83 (2d Cir. 2020) (holding that California's anti-SLAPP statute is inapplicable in federal court because it conflicts with Federal Rules of Civil Procedure 12 and 56); *Carroll v. Trump*, No. 20-cv-7311 (LAK), 2022 U.S. Dist. LEXIS 43512, at *12 (S.D.N.Y. Mar. 10, 2022) (same).

## COUNT I

### Defendant's Intentional Interference with Plaintiff's Business Relationships under New York Law

56. BBCP repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint.

57. BBCP has a contractual business relationship with its numerous retail customers for the sale of the Product.

58. Upon information and belief, Defendant knew of these relationships.

59. Upon information and belief, Defendant has intentionally interfered with those rights, and has done so with malice.

60. Defendant acted improperly without any support or justification.

61. Defendant has, upon information and belief, intentionally interfered in order to cause damage to BBCP's business relationship with its retail customers.

62. This interference by Defendant caused and continues to cause injury to BBCP's relationship with its retail customers.

63. Defendant's actions constitute tortious interference with Plaintiff's business relationships.

## COUNT II

### Declaration of Non-Violation of Proposition 65

64. BBCP repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint.

65. Defendant has asserted that BBCP's sale of the Product violates Proposition 65 due to unsafe levels of benzene and has threatened to bring a lawsuit against BBCP and has brought the California Lawsuit against BBSC.

66. An actual, present, and justifiable controversy has arisen between Defendant and BBCP.

67. BBCP engaged the Lab to test the Product. The Lab identified no benzene in any of the 41 samples tested, including the regulatory reserve sample for every lot of the BBCP's hand sanitizer ever sold. As such, the Product does not violate Prop 65.

68. To date, Defendant has not produced any evidence of a lab test that supports its claim.

69. BBCP seeks declaratory judgment that sale of the Product does not violate Proposition 65.

70. BBCP reserves the right to amend its allegations and/or this Complaint to add any further defenses once further discovery has been conducted in this matter.

## COUNTS III

### Defamation Under New York Law

71. BBCP repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint.

72. Defendant has intentionally made false statements about Plaintiff and its business, in the Notice of Violation attached as Exhibit 2.

73. Defendant has likewise intentionally made false statements in the California lawsuit.

74. Defendant has engaged in knowing publication of false matter that is derogatory to the Plaintiff's business and which is calculated to prevent or interfere with relationships between the Plaintiff and others to the Plaintiff's detriment.

75. For example, Defendant has claimed that Plaintiff sell products containing benzene. Exhibit 2.

76. They have also alleged types of harm being caused by Plaintiff to the public, including "Cancer, Birth Defect, and other Reproductive Harm."

77. These statements are all false.

78. Defendant has published these statements to third-parties as set forth, for example, in Exhibit 2.

79. It has also published these statements to third-parties in the publicly available California lawsuit.

80. Defendant's statements impugn the basic integrity of Plaintiff's businesses, and Plaintiff's business methods.

81. As such, Defendant's actions constitute defamation, for which injury is conclusively presumed under New York law. *See e.g., Ruder & Finn, Inc. v. Seaboard Sur. Co.*, 52 N.Y.2d 663, 670, 439 N.Y.S.2d 858, 862, 422 N.E.2d 518, 522 (1981).

## **PRAYER FOR RELIEF**

WHEREFORE, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, and all applicable law, Best Brands prays for relief as follows:

A. Judgment declaring that Plaintiff and their affiliates and related companies and their customers and suppliers have the right to use, sell, offer for sale the Star Wars Mandalorian Hand Sanitizer, The Child (Baby Yoda) product, and that sale of the Product does not violate Proposition 65.

B. Judgment awarding BBCP its damages for Defendant's tortious interference with Plaintiff's business relationships under New York Law.

C.

E. Judgment awarding BBCP its damages for Defendant's libel under under New York Law.

F. Judgment for Plaintiff against Defendant on all of the matters raised within this Amended Complaint.

G. And, judgment awarding such other relief as this Court may deemed just and proper.

Dated: April 28, 2022                    */s/ Lee A. Goldberg*

                                                        Lee A. Goldberg
Morris E. Cohen
Limor Wigder
GOLDBERG COHEN LLP
1350 Avenue of the Americas, 3rd Floor
New York, New York 10019
(646) 380-2087 (phone)
(646) 514-2123 (fax)
LGoldberg@GoldbergCohen.com
MCohen@GoldbergCohen.com
LWigder@GoldbergCohen.com