UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEST BRANDS CONSUMER PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PUBLIC HEALTH AND SAFETY ADVOCATES, LLC, <br><br> Defendant. | Civil Action No. <br> 1:22-cv-00803-RA |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Public Health and Safety Advocates, LLC ("Defendant") respectfully submits this memorandum of points and authorities in support of Defendant's Motion to Dismiss Plaintiff Best Brands Consumer Products, Inc.'s ("Plaintiff") First Amended Complaint (the "FAC") pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3).

**I.      INTRODUCTION**

The instant action is a procedurally improper collateral attack on Defendant, who has done nothing other than to assert statutory claims in California relating to the presence of carcinogens in products sold there.  It is doubtful that it has any merits whatsoever, but whatever the defects may be, it is clear that, procedurally, the claims raised herein do not belong in this Court.  The original complaint brought claims under both New York and California law.  The FAC now asks for a declaration that the California Action is without merit, something that obviously needs to be adjudicated in California by the assigned judge having jurisdiction, and where the parties thereto are given notice and an opportunity to participate.  The FAC also alleges interference with a contractual relationship under New York law, and defamation, but offers no explanation how there has been any interreference or any false publication or why such publication would not be privileged, and certainly offers nothing to explain why these causes of action arise in New York or under New York law.  In sum, rather than allow the litigation in California to proceed, Plaintiff has elected to open up a second front on the other side of the

Country. This sort of conduct falls short in many respects; but at a minimum the FAC falls short in explaining how this Court has jurisdiction to decide any of this or to show that this is an appropriate venue to decide any of this.

Accordingly, the Court should dismiss the action for want of jurisdiction and improper venue.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

California's Proposition 65 requires businesses to provide warning to Californians about significant exposure to chemicals that cause cancer, birth defects and other reproductive harm. It was enacted in 1986 to allow private enforcement of Proposition 65's labeling requirements.

PHSA was formed to act as a private attorney general to enforce Proposition 65.

In the ordinary course of business, on or about April 22, 2021, Defendant purchased the Product – hand sanitizer branded with Disney's Mandalorian character, which is obviously intended to be sold to children. Defendant had the product tested by a professional laboratory which detected the presence of benzene, a deadly carcinogen that is toxic to human life and biological processes. On or about June 25, 2021, Defendant gave notice to Plaintiff, and others, that the product contained toxic amounts of benzene and an opportunity to cure. (Elyaszadeh Decl., ¶11, Exh. A; Doc 9-2). Even after being given this opportunity to cure this violation of law, the product was not recalled. Accordingly, on November 9, 2021, after giving 5 months to cure, Defendant filed suit in the Los Angeles Superior Court in the State of California for violation of California's Proposition 65 against Best Brands Sales Company, LLC, the Walt Disney Company, Disney Enterprises, Inc., and Disney Consumer Products, Inc. (Elyaszadeh Decl., ¶11, Exh. A). Plaintiff herein was not named in the California lawsuit.

For reasons that can only be guessed at, Plaintiff brought this action against Defendant. Plaintiff has alleged that Defendant is a California corporation with its principal place of business in Los Angeles, California. (FAC at ¶15). Plaintiff has not alleged that Defendant has any contacts with New York or that Defendant has any forum directed activity.

In its FAC, all Plaintiff alleges in regards to jurisdiction and venue is that the Court has:

> Personal jurisdiction over Defendant, and venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c)[] [because] Defendant sent a knowingly false and defamatory 'Notice of Violation' letter dated July 25, 2021 (the 'June 25th Notice' to

> BBCP into this district in New York regarding the allegedly dangerous nature of Plaintiff's products and activities, and threatening suit over baseless allegations (*see* Exhibit 2). Defendant has also distributed that Notice of Violation of numerous parties inside and/or outside this district. As such, Defendant has engaged in tortious acts within the state, and/or has committed tortious acts without the state causing injury to persons or properly [*sic*] within the state. Defendant also filed a frivolous and sham lawsuit in California over these allegations BBSC – a citizen and resident of the state of New York. Venue is also proper because Defendant has engaged in acts directed to the State of New York, including in this judicial district; because this district is one in which Plaintiff resided at the time of the events in question; and because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action was situated, in this district at the time of the events in question.

(FAC at ¶19).

Plaintiff alleged that it sells consumer products. (FAC at ¶20). On June 25, 2021, Defendant sent Plaintiff a notice that it intended to sue for violations of ***California's Proposition 65*** law in California Superior Court pursuant to Health & Safety Code § 25249.5 *et. seq.*. (FAC at ¶23-24). Plaintiff further alleges that, in the California suit, "Defendant has falsely alleged that sales of the Product in California constitute a violation of Prop 65 and then has brought a lawsuit against [Best Brands Sales Company, LLC] for same" and that "[o]n November 9, 2021[,] Defendant filed suit against Best Brands Sales Company, LLC in the Superior Court of the State of California, County of Los Angeles captioned PUBLIC HEALTH AND SAFETY ADVOCATES, LLC, a Limited Liability Company, in the public interest v. BEST BRANDS SALES COMPANY, LLC et al. (21-ST CV-41274) (the 'California Lawsuit')." (FAC ¶¶24-25). Plaintiff was not named in that lawsuit, but for unknown and undisclosed reasons claims to be "under a continuous threat of litigation." (FAC at ¶26).

Plaintiff further alleges that: (1) "Defendant has yet to provide BBCP with lab results[1], to the extent there are any, supporting its false allegations that [the] sale of the Product violates Prop 65" (FAC at ¶27); (2) "Defendant's allegations are knowingly false as to the nature of Plaintiff's actions and products" (FAC at ¶28); (3) "Defendant's allegations and lawsuit are also meritless in that they do not allege facts that they purchased any authentic plaintiff product in California that contained any benzene[] [b]ecause Prop 65 is limited to products sold in California, a product purchased by PHSA from put of state cannot form the basis of a Prop 65 claim" (FAC at ¶29); (4) "Defendant cannot possibly show that the average user of the hand sanitizer would be exposed to a level of benzene sufficient to require a warning under Prop 65…" (FAC at ¶30); and (5) "Defendant's suit is a sham designed to extort money from Plaintiff BBCP" (FAC at ¶31).

Based on these allegations, coupled with self-serving allegations that they have done no wrong in connection with the California Lawsuit and that California law does not apply, Plaintiff has brought three causes of action against Defendant for: (1) intentional interference with a business relationship arising under New York Law, (2) a judicial declaration that Plaintiff did not violate California's Proposition 65 law, and (3) defamation under New York law.

Shockingly, the FAC makes no mention that, on April 1, 2022, Plaintiff recalled the Product at issue because the Food and Drug Administration found the presence of benzene in The Mandalorian Hand Sanitizer product that is the subject of this action.  (*See* https://www.fda.gov/safety/recalls-market-withdrawals-safety-alerts/best-brand-consumers-products-inc-issues-voluntary-recall-mickey-mouse-hand-sanitizer-ethyl-alcohol; Elyaszadeh Decl., ¶12, Exh. B).

### III. THE COURT MUST DISMISS PLAINTIFF'S COMPLAINT
#### A. THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT

Personal jurisdiction is a doctrine that, generally speaking, establishes limits on the power of a court to adjudicate claims against a person and enter orders that are binding on that person. At root, these limits are mandated by Due Process, but its contours and application are also defined by rules of court, statutes and decisional law.

---

[1] Although this was true at the time this was pleaded, Defendant provided Plaintiff with copies of its lab results.  This action was not dismissed.  As explained below, the FDA performed its own testing and found the same benzene as Defendant.

Federal Rule of Civil Procedure 4(k)(1) provides that "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant: (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district is located; who is a party joined under Rule 14 or 19 and is served within a judicial district of the United States and not more than 100 miles from where the summons was issued; or (C) when authorized by federal statute." Fed. R. Civ. P. 4(k)(1).  However, "[f]or a claim that arises under federal law, serving a summons of filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United Stated Constitution and laws." Fed. R. Civ. P. 4(k)(2).

Under state law, so-called "long arm statutes" set forth the limits of the jurisdiction claimed by the courts of that state.  New York's long arm statute provides that "[a]s to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent: 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or 2. commits a tortious act within the state…; or 3. commits a tortious act without the state causing injury to person or property within the state…, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from good used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or 4. owns, uses or possesses any real property situated within the state." NY CPLR § 302.

Here, Defendant meets none of the prongs set forth in New York's long arm statute. Defendant does not transact business within the State.  In fact, Defendant's business can only derive from California related conduct because the law that Defendant prosecutes violations for only exists in California – Proposition 65.

Second, the conduct complained of took place in California – *i.e.* filing a lawsuit for Plaintiff's conduct in violating California's Proposition 65 law (which has not occurred)[2].

---

[2] If Plaintiff were so concerned over the California Lawsuit, Plaintiff was free to intervene in the California Lawsuit and seek its dismissal, which is the proper procedure for Plaintiff to invoke. Instead, Plaintiff engaged in forum shopping by electing to pick the Southern District of New

Further, to the extent the forum related conduct was simply the mailing of a California statutorily authorized letter, that cannot be the basis of venue since the act of mailing occurred in California.

Third, no tortious act has been committed by Defendant in this district, and if it has, it could only have been committed in California because, again, that is where the filing of the complained of lawsuit took place. Furthermore, Defendant is not domiciled in New York, does not, and has never done, business in the State of New York, and could never have reasonably expected to have been sued in New York.  Again, the act of mailing of a statutorily authorized notice cannot be a tortious act as it is covered by California's litigation privilege.[3]  Furthermore, Plaintiff has not claimed who else received this letter, where it was supposedly published to third-parties in New York and what was untrue about it, since the Food and Drug Administration confirmed its contents.

Fourth and finally, Defendant owns no real property in the State of New York. Therefore, New York lacks personal jurisdiction over PHSA.  See *Walden v. Fiore*, 134 571 U.S. 277, 286 (2014) ("Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State").

Accordingly, the Court lacks personal jurisdiction over Defendant and the action must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

///

---

York where Proposition 65 does not apply and where Defendant has never resided and does not transact business.

[3] Should the Court decline to dismiss on jurisdiction or venue grounds, at the appropriate time, Defendant will move the Court under Rule 12(b)(6) to dismiss because the conduct complained of is protected conduct under California's litigation privilege, which cannot be pleaded around by filing this action in New York.  See Cal. Civ. Code § 47(b) ("[a] privileged publication or broadcast is one made: (b) [i]n any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation of course of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure…"); *see also Rader v. Thrasher*, 22 Cal. App. 3d 883, 887 (1972) (The absolute privilege attaches to any publication that has any reasonable relation to the action and is permitted by law if made to achieve the objects of the litigation, 'even though the publication is made outside the courtroom and no function of the court or its officers is invoked.' [Citation omitted]. Accordingly, 'it is not limited to the pleadings, the oral or written evidence, to publications in open court or in briefs or affidavits.' [Citation omitted]"). Same result would obtain under New York law.  See N.Y. Civ. RTS. § 74.

### B. VENUE

New York is not the proper venue for the suit at hand. Venue is the principle that guides the allowable places for trial within a court system. In federal courts, venue is governed by statute. *See* 28 U.S.C. § 1391.

Section 1391(b) provides three options for venue in federal civil actions like the present action: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

The first prong is based on residency and requires that all defendants be residents of the state in which the court sits. Residency of a defendant for venue purposes is defined by the statute: "(1) a natural person…shall be deemed to reside in the judicial district in which that person is domiciled; (2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question …; and (3) a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants." 28 U.S.C. § 1391(c). "The question of venue 'serves the purposes of protecting a defendant from the inconvenience of having to defend an action in a trial court that is … remote … from the place where the acts underlying the controversy occurred.' [Citation omitted.] The, an analysis of 'events … giving rise to the claim' under § 1391 should focus on the actions of the defendant, rather than those of the plaintiff." *National Lighting Co., Inc. v. Univercol-Hillel Hoffman & Sons, Ltd.*, No. 03 CV 8618(RO), 2004 WL 2546804 at *2 (S.D.N.Y. Nov. 10, 2004) (quoting *Saperstein v. Paul*, 927 F. Supp. 731, 735 (S.D.N.Y. 1996)).

Here, without question, there is no venue in the State of New York. Defendant is a California limited liability company with its principal place of business in Los Angeles. (FAC at ¶15). The sole member of Defendant is domiciled in, and resides in, Los Angeles, California. The entire business of Defendant – testing products and prosecuting resulting Proposition 65

violations – is conducted within the State of California and does not leave its borders. Clearly, venue is not proper in New York, and yet Plaintiff elected to bring suit in New York. Besides which, all of the conduct complained of took place in California from the testing of the product, to authorized mailing of the notice, and to the filing of the lawsuit.

Accordingly, the Court should dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(3) – transfer would simply waste a federal court in California's resources as this action should be maintained in the State Courts of California.

## IV.    CONCLUSION

For the reasons stated above, Defendant respectfully requests that the Court dismiss this action for want of personal jurisdiction and lack of venue.

Respectfully submitted this 27th day of June, 2022.

/s/ Kevin J. Leichter
Kevin J. Leichter
**THE LEICHTER FIRM, APC**
10203 Santa Monica Boulevard, Fourth Floor
Los Angeles, California 90067
Tel:  (310) 229-0000
Fax: (310) 229-1299
kleichter@theleichterfirm.com
*Counsel for Defendant*
*Public Health and Safety Advocates, LLC.*

**CERTIFICATE OF SERVICE**

I certify that, on June 27, 2022, I filed this **Memorandum of Law in Support of Defendant's Motion to Dismiss First Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(2) and (3)** with the Clerk of Court using the CM/ECF system, which will send e-mail notification to opposing counsel:

> Lee A. Goldberg, Esq.
> Morris E. Cohen, Esq.
> Limor Wigder, Esq.
> Goldberg Cohen LLP
> 1350 Avenue of the Americas
> Third Floor
> New York, New York 10019
> lgoldberg@goldbergcohen.com
> mcohen@goldbergcohen.com
> lwigder@goldbergcohen.com

**/s/ *Kevin J. Leichter***